UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
XL RECORDINGS, LTD.,                            :
                                                :
                        Plaintiff,              :       Docket No.
                                                :
            -against-                           :       **COMPLAINT AND**
                                                :       **DEMAND FOR JURY TRIAL**
RHONE APPAREL, INC.,                            :
                                                :
                        Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


Plaintiff XL Recordings, Ltd., ("XL") by its attorneys, as and for its Complaint against

defendant Rhone Apparel, Inc. ("Rhone Apparel"), hereby alleges upon personal knowledge and

upon information and belief:

## Background

1.      This case is about clothing company, Rhone Apparel, deliberately infringing

Plaintiff's critically acclaimed sound recording titled "Intro" by using it in a company marketing

video without authorization.  Plaintiff notified Rhone Apparel immediately upon discovering the

unauthorized use. Although Rhone Apparel acknowledged the infringement and agreed to cease

and desist from any further infringement of Intro, it continues to exploit Intro without

authorization to this day.  Plaintiff has no recourse other than to file this copyright infringement

lawsuit to cause Defendant to cease infringing its exclusive rights under the Copyright Act.

## Nature of the Case

2.      This is an action for copyright infringement, in violation of 17 U.S.C. ¶¶ 101, *et

seq.*, arising from Defendant's unauthorized reproduction, distribution, public performance and

electronic transmission of Plaintiff's copyrighted sound recording.

## Jurisdiction

3.      The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

4.      This Court has personal jurisdiction over defendant Rhone Apparel because it conducts substantial business in Connecticut, including, according to its website, maintaining its principal place of business in New Cannan, Connecticut.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C § 1391(b), § 1391(c) and § 1400(a) because Defendant is subject to personal jurisdiction in this Judicial District and has committed unlawful acts of infringement in this Judicial District.

## XL Recordings, Inc.

6.      Plaintiff XL Recordings, Ltd. ("XL") is a British independent record label started in 1989.  The label is home to a wide range of artists including Adele, Vampire Weekend, and The xx.

7.      XL is a registered company in the United Kingdom with an office at 17/19 Alma Road in London.

## The Sound Recording, "Intro"

8.      XL registered the copyright in the sound recording titled, "Intro" performed by the artist professionally known as "The xx" with the U.S. Copyright Office on August 17, 2009, registration number SR 648343 ("Intro"). Exhibit 1.

9.      XL is the sole copyright owner of the sound recording, Intro.

10.     Intro was the opening track on The xx's self-titled debut album in 2009.  The album received the Mercury Music Prize established by the British Phonographic Industry for the best album in the U.K. and Ireland.  The album was ranked the number one album of 2009 by The Guardian, ninth by Rolling Stone, and was included as one of the 500 greatest albums of all time by New Musical Express (NME), a British music journalism magazine published since

1952.  The album has been certified gold in numerous countries and was nominated for Best British album at the 2011 BRIT Awards.

11.     Intro has reached number 129 on the UK Singles Chart, as well as appearing on record charts in France, Spain, and the United States.

12.     In addition to commercial success, Intro has been overwhelmingly well-received by music critics.  For example, *The Observer* critic Sarah Boden wrote that "[a]s the languorous swirl of Intro fades in [...] you immediately sense you're listening to something seductively special" and Vadim Rizov of The A.V. Club called the arrangement "epic minimalism."

### Defendant Rhone Apparel, Inc.

13.     Upon information and belief, defendant Rhone Apparel, Inc., is a Delaware corporation, with a principal place of business at 59 Grove Street, Suite 1H, New Canaan, Connecticut.

14.     Rhone Apparel designs and sells premium athletic apparel for men.

### Rhone Apparel Infringed Plaintiff's Recording

15.     XL never granted Rhone Apparel a license to use Intro for any purpose.

16.     On or about June 1, 2015, Rhone Apparel published a one minute and thirty second long company video advertisement on YouTube, titled "Rhone Pushing Boundaries – Original Commercial." The commercial featured Intro prominently throughout the entire duration of the video.  The video features men wearing Rhone Apparel clothing and working out in the gym

with intensity as Intro plays throughout.



Against the music of Intro the voiceover proclaims:

> Rhone was born out of a need – the need for premium active wear made specifically for men. As men we've had few options. We could either settle for substandard athletic wear, or a women's yoga brand. We needed another option. So we set out at Rhone to build a new standard. To design, develop and deliver gear that inspired us to continually push boundaries. Using the best materials, the latest technology, and premium construction, we've done just that. Technical enough to tackle an intense workout, sophisticated enough to thrive in any setting, comfortable enough to live in. Every piece we create is highly scrutinized and rigorously tested across the globe by remarkable men we trust. Rhone strives to inspire all men who wear it to be better and push boundaries.

17.   Upon learning of the video, XL immediately notified Rhone Apparel of the unauthorized use of Intro by letter dated June 8, 2015. Exhibit 2.

18.   Rhone Apparel responded to XL by letter dated June 11, 2015 confirming that it had used XL's recording, Intro, in its "Rhone Pushing Boundaries – Original Commercial" video and that Rhone would cease doing so. Rhone further confirmed that it would not resume any publication or use of XL's recording, Intro. Exhibit 3.

19.   The video "Rhone Pushing Boundaries – Original Commercial" was viewed over 50,000 times before Rhone Apparel removed the video from YouTube.

20.   On June 16, 2015 XL replied to Rhone Apparel's letter notifying Rhone Apparel that copyright to Intro was registered with the Copyright Office, registration number SR 648343, and again notifying Rhone Apparel that it had infringed XL's copyright. Exhibit 4.

21.   On June 22, 2015, Rhone Apparel again replied that its infringement of Intro was innocent. Exhibit 5.

22.   Nonetheless, on or about June 25, 2015, Rhone Apparel resumed using Intro without authorization to market and promote the company.  This time, Rhone Apparel used Intro as part of a video titled "Pushing Boundaries" directly on its own website at: http://rhoneapparel.com/pages/our-story. This video posted on Rhone Apparel's website appears extremely similar to the video Rhone Apparel original posted on YouTube, including the same use of Intro, except that the script is slightly different and the voiceover is more polished and professional.

23.   Upon information and belief, the video titled "Rhone Pushing Boundaries – Original Commercial" posted by Rhone Apparel on YouTube was a rough draft of the final version of the video later posted on its own website.

24.   Upon information and belief, Rhone Apparel could have replaced the use of Intro in the "Rhone Pushing Boundaries – Original Commercial" video, or ceased use of the video altogether, but instead made the deliberate decision to proceed with continuing to exploit Intro without authorization in the finished "Pushing Boundaries" posted on its website.

25.   Plaintiff never authorized Rhone Apparel to use Intro for any purpose.

## The Infringement is Willful

26.   Rhone Apparel's unauthorized reproduction, distribution, public performance and electronic transmission of Intro constitutes infringement of Plaintiff's copyright.

27.   Rhone Apparel's infringements are willful as evidenced by Rhone Apparel's history of using Intro without authorization and its continued use of Intro after receiving XL's written notice.

28.   Rhone Apparel knowingly and intentionally infringed Plaintiff's copyright to Intro as evidenced by Rhone Apparel's admissions in their letters dated June 11, 2015 and June 22, 2015. Exhibits 3, 5.

29.    Rhone Apparel continues to reproduce, distribute, electronically transmit, publicly perform, and exploit Intro without authorization in the Pushing Boundaries video on Defendant's website to this day.

30.   Rhone Apparel's knowledge and intent are established by the fact that, to this day, it has not sought or obtained a license from Plaintiff to use Intro for any purpose.

**First Cause of Action**
(Copyright Infringement – 17 U.S.C. § 101, et seq.)

31.   Plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

32.   Defendant Rhone Apparel's unauthorized reproduction, distribution, electronic transmission and public performances of Plaintiff's copyrighted sound recording "Intro" continue to this day.

33.   Defendant's reproduction, distribution, electronic transmission and public performance of Plaintiff's sound recording, Intro infringes Plaintiff's exclusive rights under the Copyright Act.

34.   Defendant's conduct has at all times been knowing and willful.

35.   As a proximate result of Defendant's wrongful conduct, Plaintiff has been irreparably harmed, suffered damage, and Defendant has profited in an amount to be determined at trial.

### Second Cause of Action
(Permanent Injunction)

36.   Plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

37.   Plaintiff has a likelihood of eventual success in this litigation.

38.   Plaintiff will suffer irreparable harm if injunctive relief is not granted by this Court.

39.   Defendant's blatant unauthorized reproduction, distribution, electronic transmission and public performances of Plaintiff's intellectual property are causing irreparable harm to Plaintiff.

### Demand for Jury Trial

40.   Plaintiff respectfully requests a trial by jury on all claims asserted in this Complaint.

### Prayer for Relief

WHEREFORE, Plaintiff XL Recordings, Ltd. by its attorneys respectfully requests that judgment be entered against defendant Rhone Apparel, Inc. as follows:

A.   For judgment that Defendant has violated the Copyright Act and that all such violations have been willful; and

B.   For judgment entering a preliminary and permanent injunction enjoining and restraining Defendant and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from infringing Plaintiff's exclusive rights under the Copyright Act by reproducing, distributing, electronically transmitting and publicly performing Plaintiff's sound recording, Intro.

C.   For  judgment assessing Defendant for the damages suffered by Plaintiff, including an award of actual damages, including Defendant's profits, or statutory damages (at Plaintiff's election) under the Copyright Act, all profits that Defendant has derived from its infringing acts, as well as costs and attorney's fees

to the full extent provided for by Sections 504 and 505 of the Copyright Act, 17 U.S.C. §§ 504 and 505; and

D.      For a judgment directing that Defendant deliver up for destruction to Plaintiff all copies of Plaintiff's sound recording in its possession or under its control, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503.

E.      For judgment granting such other, further, and different relief as to the Court may seem just and proper, including Plaintiff's costs and reasonable attorneys' fees.

Dated:  New York, New York
   August 26, 2015

           EVANS, FELDMAN & AINSWORTH, LLC

      By:  /s/ Keith R. Ainsworth
         Keith R. Ainsworth, Esq.
         krainsworth@EFandA-law.com
         261 Bradley Street, P.O. Box 1694
         New Haven, Connecticut 06507-1694
         P: (203)435-2014
         Attorneys for Plaintiff

         As Local Counsel To:

         Brian S. Levenson (*pro hac vice motion will be filed once a case number has been assigned*)
         Schwartz & Ponterio, PLLC
         blevenson@splaw.us
         134 West 29th Street - Suite 1006
         New York, New York 10001
         Telephone: (212) 714-1200
         Attorneys for Plaintiff

# EXHIBIT 1

**Registration Number**

SR 648-343

**Effective date of
registration:**

April 23, 2010

## Title

| | |
|---|---|
| **Title of Work:** | xx folio |
| **Previous or Alternative Title:** | Artist: The xx |
| **Contents Titles:** | Intro |
| | VCR |
| | Crystalised |
| | Islands |
| | Heart Skipped a Beat |
| | Fantasy |
| | Shelter |
| | Basic Space |
| | Infinity |
| | Night Time |
| | Stars |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2009 | | |
| **Date of 1st Publication:** | August 17, 2009 | **Nation of 1st Publication:** | United Kingdom |

## Author

| | |
|---|---|
| ■ **Author:** | XL Recordings , Ltd. |
| **Author Created:** | sound recording, performance, Compilation |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United Kingdom |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | XL Recordings, Ltd. |
| | 304 Hudson Street, 7th floor, New York, NY, 10013 |

## Rights and Permissions

**Organization Name:** XL Recordings, Ltd.

**Name:** Erin  Branum

**Email:**  copyrights@beggars.com                    **Telephone:**   212-995-5882

**Address:** 304 Hudson Street 7th floor

c/o Beggars Group USA

New York, NY 10013

## Certification

**Name:** Lesley Bleakley

**Date:** April 21, 2010

**Registration #:**    SR0000648343

**Service Request #:**    1-382642641

XL Recordings, Ltd.
Erin Branum
304 Hudson Street 7th floor
c/o Beggars Group USA
New York, NY 10013

EXHIBIT 2



Rhone Apparel Inc.
59 Grove Street, Ste 1H
New Canaan
Connecticut 06840

8 June 2015

Dear Sirs:

**Copyright Infringement – The xx "Intro" – Advertisement for Rhone Apparel**

We are the exclusive owner of the copyright in the sound recording "Intro" ("the Recording") by the recording artist The xx ("the Artist"), which recording has been registered at the copyright office.

It has come to our attention that you have, without a license, synchronized the Recording with visual images in an advertisement advertising your products ("the Advertisement"). The Advertisement has been transmitted multiple times on your YouTube channel, in excess of 50,000 times according to our evidence at the following address:
https://www.youtube.com/watch?v=-PgZkRi4Zu4

The foregoing wilful infringements of the Recording have been documented by us and have been done with your full awareness that you had not first secured the required master licenses.

This use also constitutes unlawful false endorsement under the Lanham Act of your product by us and the Artist, and as such is extremely prejudicial to our and their reputation and public image.

Accordingly, we demand that you immediately: -
1.    Cease and desist from the unauthorized synchronization, use, copying, reproduction and distribution of the Recording and the false endorsement by us and the Artist of your products, goods or services;
2.    Send us an accounting and payment of all revenue, profits, monies and other consideration received by you as well as your licensors and licensees in respect of the Recording and the false endorsement of your products, goods and services;
3.    Send us a full detailed, accurate schedule of all uses by you, and any company, within your group of companies, of the Recording, including, but not limited to all broadcasts, streams and other transmissions, length of time on all websites and all theatrical showings.

If you fail to comply with these demands, we will immediately take further action to protect our rights, including, if necessary, the filing of a lawsuit. Please note that you face

substantial civil liability including a judgment for statutory damages, damages for false endorsement and attorney's fees. We will vigorously pursue all possible legal and equitable remedies to protect our valuable property rights in the Recording and our and the Artist's reputation.

If you would like to settle this matter without being subject to a lawsuit, please contact us as soon as you receive this letter. If we do not hear from you, within five (5) calendar days of the date of this letter, we will assume that you do not intend to settle this matter and will proceed accordingly.

Nothing contained herein or omitted herefrom shall be deemed to bind or prejudice any of our rights and remedies all of which are expressly reserved.

Yours truly,

XL recordings

# EXHIBIT 3



www.kunzlerlaw.com

**ATTORNEYS**
Brian C. Kunzler
Bruce R. Needham
Bryan J. Massey*
Scott D. Thorpe
Curtis A. Oscarson**
Wade O. Bean
Matt R. Romney***
Scott C. Hilton
R. Jeremy Adamson**
Ian Wang
Michael R. Rasmussen
James W. Platt
C. Blake Steel
Robert R. Gempeler

**OF COUNSEL**
Victoria W. Romney
Scott White

**TECH CONSULTANT**
R. Gregory Israelsen

**Also Admitted in**
*Oregon
**California
***Massachusetts

June 11, 2015

Via FedEx

XL Recordings
304 Hudson Street
7th Floor
New York, NY  10013

Re:    *Letter dated June 8, 2015 re Rhone Apparel*

To Whom It May Concern:

　　This firm has been retained by Rhone Apparel, Inc. ("RAI") to respond to a letter it received from XL Recordings dated June 8, 2015 in which you claim that RAI has infringed on a purportedly copyrighted sound recording (the "Recording").  You have provided no basis for your claimed copyright, and RAI denies having infringed on any such right.  To the extent that you hold the copyright you claim, RAI had no reason to know that the Recording was a copyrighted work.  Nonetheless, RAI takes intellectual property rights seriously, and as a showing of good faith has ceased any publication or use of the Recording and will not resume any publication or use of the Recording.

　　I trust that this letter will satisfy your concerns, but please direct further correspondence or inquiries regarding this matter to my attention.

Sincerely,

KUNZLER LAW GROUP

R. Jeremy Adamson

EXHIBIT 4



**RECORDINGS**

Jeremy Adamson
Kunzler Law Group
50 W Broadway, 10th Floor
Salt Lake City
Utah 84101

16 June 2015

Dear Mr Adamson

**Copyright Infringement – The xx ("Artist") "Intro" ("Sound Recording") – Advertisement for Rhone Apparel**

We were disappointed to read the contents of your letter dated 11 June 2015.

The use of a copyright without the authorisation of the copyright owner is copyright infringement, regardless of the state of mind of the user.

A very cursory internet search by either you or your client would show that we are the owner of the Sound Recording, which we released worldwide back in 2009 on the artist's eponymous first album to great success. It remains a strong seller with retailers such as iTunes. A more detailed search would reveal that the Sound Recording was in fact recorded in our own recording studio in London adjacent to our office, by the Artist whom we signed to an exclusive recording agreement in 2009.

For your information, the relevant copyright number is SR0000648343.

We shall give you one further chance to respond substantively to our letter of 8 June with in particular a proposal for financial compensation for the infringement.

If we do not receive such a response within 7 days of the date of this letter, we shall hand this over to our litigators to commence proceedings. Please bear in mind that as the copyright is registered we are entitled to statutory damages and our legal costs being repaid by your client.

We continue to reserve all our rights and remedies at law and otherwise.

Yours sincerely

**XL Recordings Ltd.**

XL recordings 304 hudson street, 7th floor, new york ny 10013   tel 646 808 1388   fax 212 995 5883

one codrington mews, london w11 2eh   tel +44 (0) 208 870 7511   fax +44 (0) 208 871 4178   www.xlrecordings.com

EXHIBIT 5



ATTORNEYS
Brian C. Kunzler
Bruce R. Needham
Bryan J. Massey*
Scott D. Thorpe
Curtis A. Oscarson**
Wade O. Bean
Matt R. Romney***
Scott C. Hilton
R. Jeremy Adamson**
Ian Wang
Michael R. Rasmussen
James W. Platt
C. Blake Steel
Robert R. Gempeler

OF COUNSEL
Victoria W. Romney
Scott White

TECH CONSULTANT
R. Gregory Israelsen

Also Admitted in
*Oregon
**California
***Massachusetts

www.kunzlerlaw.com

June 22, 2015

Via Email

Rupert Skellett
XL Recordings
304 Hudson Street
7th Floor
New York, NY 10013

Re:   *Rhone Apparel*

Dear Mr. Skellett:

I am in receipt of your letter dated June 16, 2015. Rhone Apparel, Inc. ("RAI") appreciates the additional information provided in that letter regarding your claimed copyright of the Sound Recording. RAI regrets the fact that it may have unknowingly used copyrighted material in connection with the video at issue. However, your threats of legal action against RAI are unfounded. The video with the Sound Recording was provided to RAI by a third party that did not disclose any use of copyrighted material in connection with the video. The Sound Recording contains no lyrics that could have been searched for on the internet as you seem to suggest. Further, RAI immediately ceased using the Sound Recording upon receipt of your initial correspondence and has stated its agreement to not use the Sound Recording again in the future.

RAI is at most an innocent infringer of your copyright, and none of RAI's revenue can be attributed to the Sound Recording. As such, any damages awarded to you in the event that you were to prevail in a copyright action against RAI would be nominal at best. *See e.g., Florentine Art Studio, Inc. v. Vedet K. Corporation*, 891 F.Supp. 532, 541 (limiting statutory damages to $200 for innocent infringement of a copyright). RAI's innocent infringement, if any, and its immediate removal of its video containing the Sound Recording from the Internet also give you little, if any, chance of recovering any of your attorney's fees. In fact it is more likely that RAI will recover its attorney's fees from you in the event that you elect to bring a legal action against RAI arising from RAI's innocent infringement if any. *See id.* At 542 (awarding defendant found to have innocently infringed a copyright its attorney's fees) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Should you have any questions regarding RAI's position in this matter, please direct them to my attention.

Sincerely,

KUNZLER LAW GROUP

R. Jeremy Adamson

50 W Broadway, 10th Floor, Salt Lake City, Utah 84101  Phone: 801-994-4646  Fax: 801-758-7436